UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| J.B. MILLER, individually and on behalf of all others similarly situated, | No. CV 06-1363 RSL |
| Plaintiff, | ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND CONDITIONALLY CERTIFYING SETTLEMENT CLASS |
| v. | |
| HOLLAND AMERICA LINE INC., | |
| Defendant. | |

Plaintiff's unopposed Motion for Preliminary Approval of Proposed Class Action Settlement has come before this Court (Dkt. #14). The Court determines and orders as follows:

A.   Counsel have advised the Court that the parties have agreed, subject to approval by this Court following notice to the Plaintiff Settlement Class (as described in Paragraph 5, below) and a hearing, to settle this action on the terms and conditions set forth in the Settlement Agreement, which has been filed with the Court.

B.   The Court has reviewed the Settlement Agreement, as well as the files, records, and proceedings to date in this matter. For purposes of this Order, capitalized terms shall have the meaning ascribed to them in the Settlement Agreement.

C.   Based on preliminary examination, the Court concludes that the Settlement Agreement appears to be fair, reasonable, and adequate, that the Plaintiff Settlement Class

ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS SETTLEMENT
AND CONDITIONALLY CERTIFYING
SETTLEMENT CLASS — 1

should be certified for settlement purposes, subject to Paragraph 11, below, and that a hearing should be held after notice to the Plaintiff Settlement Class to determine whether the Settlement Agreement is fair, reasonable and adequate, and whether a settlement approval order and final judgment should be entered in this Litigation, pursuant to Federal Rule of Civil Procedure 54(b), based upon that Settlement Agreement.

Based upon the foregoing, IT IS HEREBY ORDERED:

1. *Preliminary Approval of Proposed Settlement.* The Settlement Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable and adequate. The Court finds that (a) the Settlement Agreement resulted from extensive arm's length negotiations; and (b) the Settlement Agreement is sufficient to warrant notice thereof to members of the Plaintiff Settlement Classes and a full hearing on the Settlement Agreement.

2. *Class Certification for Settlement Purposes.* Pursuant to Federal Rule of Civil Procedure 23(c), the Court conditionally certifies, for settlement purposes only, a settlement class (the "Plaintiff Settlement Class"), which is defined as follows:

> All United States residents (other than HAL employees and counsel, or their immediate family members) who (a) traveled on a HAL cruise; (b) departed on their cruise during the Class Period; (c) paid HAL an amount to defray the anticipated penalty for a violation of the PVSA on that cruise; (d) were not thereafter the subject of a penalty assessed by the United States Government against HAL; (e) did not receive from HAL a refund in the amount collected with respect to the alleged PVSA violation; and (f) do not timely exclude themselves from the Plaintiff Settlement Class pursuant to Paragraphs 3.03 and 3.04 of the Settlement Agreement.
>
> "Class Period" means the period from January 1, 2001 until September 21, 2006.

In connection with the certification, the Court makes the following preliminary findings:

ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS SETTLEMENT
AND CONDITIONALLY CERTIFYING
SETTLEMENT CLASS — 2

(a) The Plaintiff Settlement Class appears to be so numerous that joinder of all members is impracticable;

(b) There appear to be questions of law or fact common to the above-described Plaintiff Settlement Class for purposes of determining whether this settlement should be approved;

(c) The claim of named plaintiff JB Miller appears to be typical of the claims being resolved through the proposed Settlement;

(d) Named plaintiff JB Miller appears to be capable of fairly and adequately protecting the interests of the above-described Plaintiff Settlement Class in connection with the proposed Settlement;

(e) For purposes of determining whether the Settlement is fair, adequate and reasonable, common questions of law and fact appear to predominate over questions affecting only individual Plaintiff Class Members. Accordingly, the Plaintiff Settlement Class appears to be sufficiently cohesive to warrant settlement by representation;

(f) Certification of the above-described Plaintiff Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Plaintiff Settlement Class.

For purposes of the settlement approval process, named plaintiff JB Miller is designated as Class Representative for the Plaintiff Settlement Class.

**3.** *Class Counsel.* The Court appoints Hagens Berman Sobol Shapiro LLP, and David P. Meyer & Associates Co., LPA, as counsel for the Plaintiff Settlement Class. The Court finds that these counsel are competent and capable of exercising their responsibilities as Class counsel.

**4.** *Settlement Hearing.* A final approval hearing (the "Settlement Hearing") shall be held before this Court on December 13, 2007, at 8:30 a.m., as set forth in the Notice (described in Paragraph 5, below), to determine whether the Settlement Agreement is fair,

ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS SETTLEMENT
AND CONDITIONALLY CERTIFYING
SETTLEMENT CLASS — 3

reasonable and adequate and should be approved.  Papers in support of final approval of the Settlement Agreement and Plaintiff's Counsel's application for an award of attorneys' fees, costs and expenses (the "Fee Application") shall be filed with the Court according to the schedule set forth in Paragraph 10, below.  The Settlement Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Plaintiff Settlement Class.  After the Settlement Hearing, the Court may enter a Settlement Order and Final Judgment in accordance with the Settlement Agreement (the "Final Judgment") that will adjudicate the rights of the Plaintiff Class Members with respect to the claims being settled.

**5.** *Notice.*  On or before September 6, 2007, HAL shall cause a Notice of Pendency of Class Action and Proposed Settlement ("Notice") to be mailed by United States mail to the known members of the Plaintiff Settlement Class (as defined in the Settlement Agreement), to the most recent addresses of class members, as they appear in HAL's existing "alumni database" records.  The Notice shall be substantially in the form of Exhibit B attached to the Settlement Agreement.  HAL is directed to file with the Court and serve upon Plaintiff's Counsel by September 16, 2007 a declaration showing that it has completed the required mailings.

**6.** *Findings Concerning Notice.*  The Court finds that the Notice and the manner of its dissemination is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise Plaintiff Class Members of the pendency of this action and their right to object to or exclude themselves from the Plaintiff Settlement Class.  The Court further finds that the notice is reasonable, that it constitutes due, adequate and sufficient Notice to all persons entitled to receive notice, and that it meets the requirements of due process.

**7.** *Exclusion from Class.*  Each Plaintiff Class Member who wishes to exclude himself or herself from the Plaintiff Settlement Class and follows the procedures set forth in this Paragraph shall be excluded.  Any potential member of the Plaintiff Settlement Class

ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS SETTLEMENT
AND CONDITIONALLY CERTIFYING
SETTLEMENT CLASS — 4

must mail a written request for exclusion, in the form specified in the Notice, to Class Counsel at the address set forth in the Notice. All such written requests must be postmarked by November 6, 2007. All persons who properly make requests for exclusion from the Plaintiff Settlement Class shall not be Plaintiff Class Members, shall not have any right to object to the Settlement Agreement or to appear at the hearing for approval of the Settlement Agreement, and shall have no rights with respect to the Settlement Agreement, should it be approved. The names of all such excluded individuals shall be attached as an exhibit to any Final Judgment.

**8.** *Further Papers in Support of Settlement and Fee Application.* Any responses to objections to the Settlement Agreement and any papers in support of the Fee Petition shall be filed with the Court on or before November 21, 2007.

**9.** *Objections and Appearances.*

**(a)** *Written Objections.* Any potential member of the Plaintiff Settlement Class who has not timely submitted a written request for exclusion from the Plaintiff Settlement Class, and thus is a Plaintiff Class Member, may object to the fairness, reasonableness or adequacy of the Agreement, or the Fee Application. Plaintiff Class Members may do so either on their own or through counsel hired at their own expense. Any Plaintiff Class Member who wishes to object to the Settlement Agreement or the Fee Application must, on or before November 6, 2007, submit a written statement of objection, along with any other supporting materials, papers or briefs that he or she wishes the Court to consider, by first class mail to:

> Jeniphr A.E. Breckenridge
> Hagens Berman Sobol Shapiro LLP
> 1301 Fifth Avenue, Suite 2900
> Seattle, WA 98101

Any objection that is not timely made shall be forever barred. Ms. Breckenridge will forward copies to both the Court and counsel for HAL.

ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS SETTLEMENT
AND CONDITIONALLY CERTIFYING
SETTLEMENT CLASS — 5

**(b)** *Appearance at Settlement Hearing.*  Any Plaintiff Class Member who timely files and serves a written objection may also appear at the Settlement Hearing, either in person or through counsel hired at the Plaintiff Class Member's expense, to object to the fairness, reasonableness or adequacy of the Settlement Agreement or the Fee Application. Plaintiff Class Members or their counsel intending to appear at the Settlement Hearing must deliver to the counsel listed above no later than November 6, a notice of intention to appear, setting forth (1) the name and address of the Plaintiff Class Member (and, if applicable, the name, address and telephone number of the Plaintiff Class Member's attorney), and (2) the objection, including any papers in support thereof.  Any Plaintiff Class Member who does not timely deliver written objection and the notice of intention to appear by November 6, 2007, shall not be permitted to object or appear at the Settlement Hearing, except for good cause shown, and shall be bound by all proceedings, orders and judgments of the Court.

**10.**  *Dates of Performance.*  In summary, the dates of performance are as follows:

(a)  The Notice shall be mailed to potential Class members by September 6, 2007, as set forth in Paragraph 5, above;

(b)  Class members who desire to be excluded shall mail requests for exclusion by November 6, 2007;

(c)  All objections to the Settlement Agreement or Fee Application shall be filed and served by November 6, 2007;

(d)  Papers in response to objections, if any, and in support of the fee application shall be served by November 21, 2007; and

(e)  The Settlement Hearing shall be held on December 13, 2007 at 8:30 a.m.

**11.**  *Effect of Failure to Approve the Settlement Agreement.*  In the event the Settlement Agreement is not approved by the Court, or for any reason the parties fail to obtain

ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS SETTLEMENT
AND CONDITIONALLY CERTIFYING
SETTLEMENT CLASS — 6

a Final Judgment as contemplated in the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

(a) All orders and findings entered in connection with the Settlement Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b) The conditional certification of the Plaintiff Settlement Class pursuant to this Order shall be vacated automatically.

(c) Nothing contained in this Order is, or may be construed as, any admission or concession by or against HAL or Plaintiff on any point of fact or law; and

(d) Nothing in this Order or pertaining to the Settlement Agreement shall be used as evidence in any further proceeding in this case.

DONE this 23rd day of July, 2007.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS SETTLEMENT
AND CONDITIONALLY CERTIFYING
SETTLEMENT CLASS — 7